IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DENNIS GALLIPEAU,

    Plaintiff,

v.                                               CASE NO. 4:25cv229-RH-MAF

SCOTT MUND,

    Defendant.

_____/

**ORDER DISMISSING THE FIRST AMENDED
COMPLAINT AND GRANTING LEAVE TO
FILE A SECOND AMENDED COMPLAINT**

       This is the first of two lawsuits—one federal and one state—between a landlord and tenant. The plaintiff in this federal action is the tenant, Dennis Gallipeau. The defendant is the landlord, Scott Mund. Mr. Gallipeau's first amended complaint asserts three claims: breach of the rental agreement, assault, and intentional infliction of emotional distress. Mr. Mund has moved to dismiss. South Carolina law applies, because the rental property is in South Carolina, the rental agreement was entered there, and the torts allegedly occurred there.

       The second lawsuit between these same two parties was filed by Mr. Mund in South Carolina seeking to eject Mr. Gallipeau from the rental property. Mr.

Gallipeau alleged, as a basis for a counterclaim as well as, apparently, an affirmative defense, that Mr. Mund breached the rental agreement. Mr. Mund obtained a judgment, apparently because Mr. Gallipeau failed to pay the rent pending a determination of the action as required by South Carolina Code of Laws § 27-40-790 or to post a bond to obtain a stay pending appeal as required by § 27-40-800.

This federal action is before the court on the magistrate judge's report and recommendation, which addresses Mr. Mund's motion to dismiss and also screens the action as required because Mr. Gallipeau is proceeding *in forma pauperis*. The report and recommendation concludes the action should be dismissed based on the res judicata effect of the state-court judgment and alternatively for failure to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum.

Mr. Gallipeau has filed objections. I have reviewed de novo the issues the objections raise.

Jurisdiction must be present before the merits of an action can properly be decided. This principle applies to any res judicata defense. The record apparently establishes that diversity of citizenship existed when this action was filed, because by then, Mr. Mund had moved to Florida. But the record does not yet show whether the amount in controversy does or does not exceed $75,000. This order

gives Mr. Gallipeau an opportunity to amend to properly alleged the jurisdictional amount.

On the merits, the South Carolina judgment is fatal to Mr. Gallipeau's claim for breach of the rental agreement. But Mr. Gallipeau filed this federal action before Mr. Mund filed the South Carolina action, and he did not assert his assault and intentional-infliction claims there. *Compare* ECF No. 1 (filed May 12, 2025) *with* ECF No. 13 at 18 (noting the filing date of the South Carolina ejectment action as May 22, 2025). He was not required to assert those claims in the South Carolina action.

First, a defendant's claim is not a compulsory counterclaim if "at the time the action was commenced the claim was the subject of another pending action." S.C. R. Civ. P. 13(a). Mr. Gallipeau's assault and intentional-infliction claims were not compulsory counterclaims in the South Carolina action because he had already alleged the factual basis of those claims in this federal action, albeit as part of a claim labeled "retaliation" rather than assault or intentional infliction of emotional distress.

Second, under the rule against splitting causes of action—the relevant part of the res judicata doctrine—a party must assert all his related claims in his *first* action. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008). Thus the claim-splitting principle may foreclose claims in the

*second* suit, not the first. *See id.*; *see also Maxwell v. Lott*, No. 3:23-5037-cmc, 2024 WL 3174498, at *2 (D.S.C. June 26, 2024). Mr. Gallipeau satisfied the claim-splitting doctrine by including the claims in *this* action—the first action between him and Mr. Mund.

It thus cannot be said at this time that Mr. Gallipeau will be unable to pursue the assault and intentional-infliction claims in this action. This does not mean, though, that the first amended complaint is sufficient. First, if Mr. Gallipeau claims damages in excess of $75,000, he must say so. Second, he cannot properly incorporate all factual allegations into both counts and leave it to the court and the defendant to figure out which allegations go with which claim. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014). All the allegations—or most of them—might relate to the intentional-infliction claim, but not all of them relate to the assault claim. This order grants leave to amend to cure these deficiencies.

IT IS ORDERED:

1. The report and recommendation, ECF No. 16, is accepted in part.

2. The motion to dismiss, ECF No. 13, is granted in part.

3. The first amended complaint, ECF No. 6, is dismissed.

4. Leave is granted to file a second amended complaint. The deadline to do so is April 2, 2026. Any second amended complaint must not include the claim asserted in count one of the first amended complaint.

SO ORDERED on March 12, 2026.

s/Robert L. Hinkle<br>United States District Judge